UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

ARI WEBER
on behalf of himself and
all other similarly situated consumers

      Plaintiff,

 -against-

FROST-ARNETT COMPANY

      Defendant.

---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff seeks redress for the illegal practices of Frost-Arnett Company concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Nashville, Tennessee.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

1

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Ari Weber*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 21, 2022 defendant mailed or caused to be mailed a collection letter to the Plaintiff.

11. Prior to that date and not within five days subsequent to that date, nor at any time thereafter, did Plaintiff receive an initial collection letter from the Defendant setting forth his rights to dispute the debt and seek verification thereof.

12. Said failure to advise the Plaintiff of his rights pursuant to 1692g caused the Plaintiff to incur concrete damage where he was unable to overcome the presumption of validity of the debt and seek verification documents.

13. The defendant's actions are in violation of 15 USC 1692e, 1692e(10) and 1692g.

14. The debt at issue concerns an anesthesiologist's bill.

15. The Plaintiff was under the impression that the anesthesiologist's bill would be covered completely by insurance.

16. Plaintiff takes the position that he did not authorize the use of an anesthesiologist where the amount would not be covered in full.

17. The debt is not owed.

18. It is unlawful for the defendant to attempt to collect the said charge.

19. Defendant is in violation of 15 USC 1692e and 1692e(10).

20. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

21. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

22. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

23. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

24. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

25. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

26. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

27. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

28. As an actual and proximate result of the acts and omissions of Credit Control Services,

Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

29. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty-eight (28) as if set forth fully in this cause of action.

30. This cause of action is brought on behalf of Plaintiff and the members of two classes.

31. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who failed to receive an initial collection letter setting forth the Plantiff's right to dispute the debt and seek verification thereof.

32. Class B consists of all persons whom Defendant's records reflect and through investigation that Defendant attempted to collect medical debts which were not owed.

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that the lack of receipt of a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

4

    C. The only individual issues is the identification of the consumers who werwe supposed to receive such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant. The other issue is to determine who were the consumers contacted by the collector at issue.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

38. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

39. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 29, 2022

       /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

       /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)